Dr. Stephen J. Nelson, M.A., M.D., F.C.A.P. Chairman Medical Examiners Commission Florida Department of Law Enforcement Post Office Box 1489 Tallahassee, Florida 32302
Dear Dr. Nelson:
You ask substantially the following questions:
1. May a Florida public agency use autopsy photographs in which identifying information has been redacted for training purposes in a class with non-public agency members, if the medical examiner has obtained a court order allowing the use of such photographs?
2. If so, may a public agency outside of Florida use autopsy photographs under the same circumstances where a court has so ordered?
3. May autopsy photographs be used for training purposes by a national association of medical examiners, if a court order has been obtained allowing such use?
Due to the interrelated nature of your questions, they will be discussed together.
Section 406.135(1), Florida Statutes, states:
"A photograph or video or audio recording of an autopsy in the custody of a medical examiner is confidential and exempt from the requirements of s. 119.07(1) and s. 24(a), Art. I of the State Constitution, except that a surviving spouse may view and copy a photograph or video or listen to or copy an audio recording of the deceased spouse's autopsy. . . . Alocal governmental entity, or a state or federal agency, in furtheranceof its official duties, pursuant to a written request, may view or copy aphotograph or video or may listen to or copy an audio recording of anautopsy, and unless otherwise required in the performance of theirduties, the identity of the deceased shall remain confidential andexempt. The custodian of the record, or his or her designee, may not permit any other person to view or copy such photograph or video recording or listen to or copy an audio recording without a court order." (e.s.)
The plain language of the statute allows a local governmental entity or a state agency, in furtherance of its official duties and upon written request, to have access to autopsy photographs or videos with the identity of the deceased remaining confidential and exempt unless such is required in the performance of the entity's official duties.
In Attorney General Opinion 01-47, this office concluded that a medical examiner may show autopsy photographs or videotapes in the context of professional training or education efforts for public agencies, provided that the identity of the deceased is shielded[1] (unless "otherwise required in the performance of [the agency's] duties") and there is a written request for such disclosure from the public agency. The opinion warns, however, that access to such photographs or videotapes by making a written request to the medical examiner is clearly limited to public agencies, making it impermissible to use them to provide training to private entities unless a court order has been obtained as provided in the statute.
Section 406.135(2)(a), establishes a procedure whereby a court may allow access to autopsy photographs or videotapes by any person upon a showing of good cause. The statute provides:
"The court, upon a showing of good cause, may issue an order authorizing any person to view or copy a photograph or video recording of an autopsy or to listen to or copy an audio recording of an autopsy and may prescribe any restrictions or stipulations that the court deems appropriate. In determining good cause, the court shall consider whether such disclosure is necessary for the public evaluation of governmental performance; the seriousness of the intrusion into the family's right to privacy and whether such disclosure is the least intrusive means available; and the availability of similar information in other public records, regardless of form. In all cases, the viewing, copying, listening to or other handling of a photograph or video or audio recording of an autopsy must be under the direct supervision of the custodian of the record or his or her designee."
This procedure applies in those situations where a private non-governmental entity seeks access to autopsy photographs or recordings. In instances where a petition for such access has been filed, notification of next of kin and an opportunity for such kin to be present and heard at any hearings on the subject are required.[2]
In Campus Communications, Inc., v. Earnhardt,[3] a newspaper publishing company sought access to view and copy autopsy photographs under the public records law. The trial court denied access based upon the exemption created by section 406.135, Florida Statutes, and the company's failure to establish good cause to allow it to inspect and copy the photographs. On appeal, Campus Communications argued, among other things,[4] that the Legislature had failed to define the term "good cause" for purposes of the statute. Citing to the specific criteria set forth in the statute for the court to consider in determining the existence of "good cause" and the long-standing role of the judiciary in applying "good cause" provisions in a variety of situations, the district court rejected this argument. The court analyzed whether release of the photographs was necessary to ensure that the government, in this instance the medical examiner, was carrying out its duties in a responsible fashion. Based upon uncontroverted evidence that the photographs had no diagnostic weight and that nothing could be discerned from the photographs that was not contained in the autopsy report and other materials made available, the court concluded that the photographs had no value to aid in assuring that the government was performing up to a required standard. Moreover, the court found that due to the gruesome nature of the images, publication of the photographs would be an intolerable invasion of the family's privacy and that such disclosure was not the least intrusive means available.[5]
It is clear, therefore, that a court may allow the inspection and copying of autopsy photographs or videotapes by any person when good cause is found, based upon whether such disclosure is necessary to evaluate governmental performance; the seriousness of the intrusion on the deceased's family's right to privacy and whether such disclosure is the least intrusive means available; and the availability of similar information in other public records. In the particular situations that you have posed, the court, upon its finding of good cause in each case, may allow the disclosure of autopsy photographs or videotapes under any restrictions or stipulations that the court deems appropriate.
Accordingly, it is my opinion that autopsy photographs or videotapes may be shown for training purposes to non-public agencies or associations when a court has made the appropriate finding of good cause and the family of the deceased has been provided notice and the opportunity to attend and be heard at any hearing on the matter, as prescribed in section 406.135, Florida Statutes. In allowing the release of autopsy photographs or videotapes, the court may impose any restrictions or stipulations that it deems appropriate.
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] In In re Matter of Bruce A. Hyma, M.D., Medical Examiner,Miami-Dade County, Florida, No. 01-7873CA01 (Fla. 11th Cir. Ct. April 2, 2001), the court allowed the use of autopsy photographs at a law enforcement training seminar "provided that the identity of all deceased shall remain confidential." The medical examiner's office in subsequent conversations with this office indicated that the identity of the deceased was shielded by placing a black strip over the decedent's eyes and maintaining the confidentiality of the deceased's name.
[2] Section 406.135(2)(b), Fla. Stat.
[3] 821 So.2d 388 (Fla. 5th DCA 2002), pet. for review granted;case pending SCO2-1635.
[4] In Campus Communications, the plaintiff primarily attacked the constitutionality of section 406.135, Fla. Stat., stating that the exemption was overly broad and had been retroactively applied to impair a vested right of access. Both of these arguments were considered and rejected by the court.
[5] 821 So.2d at 402.